| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>3305 Jerusalem Avenue<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Salvatore LaMonica Esq.<br>Holly R. Holecek, Esq. | Hearing Date: September 19, 2017 at 10:00 a.m.<br>Objection Deadline: September 12, 2017 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

In re:                                                                                              Chapter 7

CALICO INDUSTRIES,                                                               Case No.: 17-22281 (RDD)

                              Debtor.
---------------------------------------------------------------------X

**NOTICE OF PRESENTMENT OF TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER: (I) AUTHORIZING AN AUCTION SALE OF THE DEBTOR'S FLORIDA
PROPERTY; (II) APPROVING THE SALE TERMS FOR THE AUCTION SALE OF
THE DEBTOR'S FLORIDA PROPERTY; (III) APPROVING THE SALE NOTICE FOR
THE AUCTION SALE OF THE DEBTOR'S FLORIDA PROPERTY; (IV) APPROVING
THE SALE OF THE DEBTOR'S FLORIDA PROPERTY FREE AND CLEAR OF ALL
LIENS, CLAIMS AND ENCUMBRANCES, SECURITY INTERESTS AND OTHER
INTERESTS TO THE SUCCESSFUL BIDDER AT THE AUCTION SALE;
AND (V) GRANTING RELATED RELIEF**

       **PLEASE TAKE NOTICE** that, on **September 19, 2017 at 10:00 a.m.**, a hearing will be conducted before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 on the annexed motion of Marianne T. O'Toole, the Chapter 7 trustee (the "Trustee") of the estate of Calico Industries (the "Debtor") seeking entry of an Order: (I) authorizing the Trustee to proceed with a public auction sale (the "Auction Sale") of the Debtor's interest in the real property located at 1609 Cherrywood Lane, Longwood Florida 32750 (the "Florida Property"); (II) approving the terms and conditions of sale for the Auction Sale of the Florida Property; (III) approving the form and manner of the notice of the Auction Sale; (IV) approving the sale of the Florida Property, free and clear of all liens, claims, encumbrances,

1

interests, judgments and/or mortgages, or adverse claims to title, of whatever kind or nature to the successful bidder at the Auction Sale; and (V) granting related relief (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion, if any, must be in writing, conform with Chapter 11 of Title 11 of the United States Code and the Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor, and be filed with the Bankruptcy Court no later than **September 12, 2017 by 5:00 p.m.** as follows: (I) through the Bankruptcy Court's electronic filing system (in accordance with Orders No. 473), which may be accessed through the internet at the Bankruptcy Court's website at http://www.nysb.uscourts.gov/ in portable document format (PDF) using Adobe Exchange software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF form in an envelope with the case name, case number, type and title of document, document number to which the objection referred and the file name on the outside of the envelope.

Dated: August 24, 2017
       Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                     Counsel for Marianne T. O'Toole, Chapter 7 Trustee

              By:    *s/ Salvatore LaMonica*
                      Salvatore LaMonica, Esq.
                      Holly R. Holecek, Esq.
                      3305 Jerusalem Avenue
                      Wantagh, New York 11793
                      Telephone: (516) 826-6500

2

**LaMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500
Salvatore LaMonica Esq.
Holly R. Holecek, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                                    Chapter 7

CALICO INDUSTRIES,                                                      Case No.: 17-22281 (RDD)

                  Debtor.
-------------------------------------------------------------------X

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER: (I) AUTHORIZING AN
AUCTION SALE OF THE DEBTOR'S FLORIDA PROPERTY; (II) APPROVING THE
SALE TERMS FOR THE AUCTION SALE OF THE DEBTOR'S FLORIDA
PROPERTY; (III) APPROVING THE SALE NOTICE FOR THE AUCTION SALE OF
THE DEBTOR'S FLORIDA PROPERTY; (IV) APPROVING THE SALE OF THE
DEBTOR'S FLORIDA PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES, SECURITY INTERESTS AND OTHER INTERESTS TO THE
SUCCESSFUL BIDDER AT THE AUCTION SALE; AND
<u>(V) GRANTING RELATED RELIEF</u>**

Marianne T. O'Toole, the Chapter 7 trustee (the "<u>Trustee</u>") of the estate of Calico Industries (the "<u>Debtor</u>") respectfully submits this motion (the "<u>Motion</u>") seeking entry of an Order, substantially in the form annexed as <u>Exhibit A</u>: (I) authorizing the Trustee to proceed with a public auction sale (the "<u>Auction Sale</u>") of the Debtor's interest in the real property located at 1609 Cherrywood Lane, Longwood Florida 32750 (the "<u>Florida Property</u>"); (II) approving the terms and conditions of sale for the Auction Sale of the Florida Property, substantially in the form annexed as <u>Exhibit A</u> ("<u>Sale Terms</u>"); (III) approving the form and manner of the notice of the Auction Sale, substantially in the form annexed as <u>Exhibit B</u> ("<u>Sale Notice</u>"); (IV) approving the sale of the Florida Property, free and clear of all liens, claims, encumbrances, interests, judgments and/or mortgages, or adverse claims to title, of whatever kind or nature (collectively,

1

the "Liens") to the successful bidder at the Auction Sale; and (V) granting related relief, and in support thereof states the following:

## INTRODUCTION

1. By this Motion, the Trustee seeks authorization to proceed with the proposed Auction Sale and approval of the Sale Terms and Sale Notice to facilitate a sale of the Florida Property in accordance with Local Bankruptcy Rule 6004-1 and General Order M-383 dated November 18, 2009 adopting the Amended Guidelines for the Conduct of Asset Sales (the "M-383 Order"). A proposed Order is annexed as Exhibit C.

2. The Debtor is not operating and the Florida Property is not required for any reorganization of the Debtor. Thus, the sale of the Florida Property unquestionably represents a reasonable exercise of the Trustee's sound business judgment. The Trustee submits that the proposed Auction Sale, Sale Terms and Sale Notice will maximize the value of the Florida Property for the Debtor's estate and its creditors.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief sought herein include 11 U.S.C. §§ 105 and 363 (the "Bankruptcy Code"), Rules 2002 and 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 6004-1.

## CASE BACKGROUND

6. On February 24, 2017, an involuntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code was filed against the Debtor.

2

7. On April 3, 2017, the Court entered an Order for Relief and Order to File Schedules and Other Documents. <u>See</u> Dkt. No. 10.

8. According to Debtor's Schedule A/B, the Debtor is the 100% owner of the Florida Property. <u>See</u> Dkt. No. 18. According to the Debtor, there are no mortgages to the Florida Property. <u>See id</u>. The Florida Property is currently occupied by Calico Industrial Supply of Florida, LLC, an entity owned or controlled by insiders of the Debtor.

9. By Notice of Appointment dated April 4, 2017 Marianne T. O'Toole was appointed as the interim Chapter 7 Trustee of the Debtor's estate and, by operation of law, Marianne T O'Toole is the permanent Chapter 7 Trustee of the Debtor's estate.

10. By Order dated June 21, 2017 [Dkt. No. 36], the Court authorized the Trustee's payment of the renewal premium for the insurance on the Florida Property.

11. By Order dated August 1, 2017 [Dkt. No. 39], the Court approved the Trustee's employment of Ewald Auctions, Inc. (the "<u>Auctioneer</u>") to market and sell the Florida Property.

**RELIEF REQUESTED AND BASIS FOR RELIEF**

12. By this Motion, the Trustee seeks the entry of an Order: (I) authorizing her to proceed with the Auction Sale of the Florida Property; (II) approving the Sale Terms for the Auction Sale of the Florida Property; (III) approving the Sale Notice for the Auction Sale; (IV) approving the sale of the Florida Property free and clear of all Liens to the successful bidder at the Auction Sale; and (V) granting related relief.

**I.    The Auction Sale Of The Florida Property Should Be Approved.**

13. Bankruptcy Code § 363 provides, in relevant part, that "[t]he trustee, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). The terms of such sale is generally within the sound

3

discretion of the debtor, or if applicable the trustee. See Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983); see also Official Comm. of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.), 973 F.2d 141, 145 (2d Cir. 1993); In re Dial-A-Mattress Operating Corp., Case No. 1-09-419660dem, 2009 Bankr. LEXIS 1801, at *12 (Bankr. E.D.N.Y. June 24, 2009) ("The business judgment test is the standard for Section 363 sales in this Circuit." (citations omitted)); In re Hirsch, 360 B.R. 43, 45–46, 48, 50 (Bankr. E.D.N.Y. 2007) (requiring "existence of 'a good business reason to grant such an application'" (quoting In re Lionel Corp., 722 F.2d at 1071)); In re Thomson McKinnon Sec., Inc., 120 B.R. 301, 307–08 (Bankr. S.D.N.Y. 1990). As recognized by the United States Court of Appeals for the Second Circuit in Lionel Corp., a court may approve a § 363 application after expressly determining from the evidence presented that a good business reason exists to grant such application. 722 F.2d 1063.

14. In addition, § 105(a) of the Bankruptcy Code grants the Court the authority to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). This provision is "the basis for a broad exercise of power [by the Court] in the administration of a bankruptcy case. 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick and Henry J. Sommer. eds., 16th ed.).

15. In accordance with Bankruptcy Rule 6004(f)(1), sales of property outside of the ordinary course of business may be by private sale or by public sale. In practice, the preferred method is to conduct a public sale because a public sale will most often result in a greater number of potential bidders in the shortest amount of time. That is, in order to determine that a private sale has yielded the highest or best offer, property generally must remain on the market for a significantly longer period of time than when offered at a public sale.

4

16. Local Rule 6004-1(a) further provides that:

> The notice of any proposed sale of property of the estate having an aggregate gross value of at least $2,500 shall include the time and place of the proposed sale, whether the sale will be public or private, and the terms and conditions of the proposed sale.

17. The M-383 Order supplements the requirements of Bankruptcy Code § 363, Bankruptcy Rule 6004 and Local Rule 6004-1 and applies to asset sales.

18. Here, the Trustee determined, in her sound business judgment, that selling the Florida Property outside the ordinary course of business at the proposed Auction Sale is justified, necessary and appropriate. Compelling business justifications exist for the approval of the proposed Auction Sale of the Florida Property as set forth herein. Given that the Debtor is no longer operating and that the Florida Property is not necessary for any reorganization, the prudent course is to proceed with the liquidation of the Florida Property.

19. The Auctioneer intends to conduct the Auction Sale of the Florida Property on October 26, 2017 at 11:00 a.m. Registration for the Auction sale will commence at 10:00 a.m. on October 26, 2017. Bidding will be live and potentially online.

20. Advance notice of the Auction Sale will be provided in accordance with Bankruptcy Rules 6004(a) and (c) and 2002(a)(2) to all creditors listed in the Debtor's schedules, all parties who have filed a notice of appearance in the Debtor's case, all known parties with an interest in the Florida Property, and the United States Trustee. The Auctioneer will conduct walk-throughs of the Florida Property prior to the Auction Sale.

21. The Property shall be sold "as is", "where is", without any representations of any kind or nature whatsoever, and without warranty or agreement as to the condition of the Florida Property.

5

22. The Trustee will determine the highest or best bid for the Florida Property. After the Auction Sale, the Trustee will seek the entry of an Order confirming the results of the Auction Sale. Title to the Florida Property will be transferred to the successful bidder pursuant to a Trustee's Deed.

23. In accordance with Local Rule 6004-1(f), within 21 days of the Auction Sale, the Auctioneer shall file a report with the Court and transmit a copy of the report to the Office of the United States Trustee.

24. The Trustee submits that the proposed sale process and noticing process is reasonable, necessary and appropriate, and will enable her to receive the maximum value for the Florida Property at the Auction Sale.

25. For these reasons, the Trustee submits that there is cause for the Court to grant the relief requested herein.

## II. The Sale Terms Should Be Approved

26. The salient provisions of the Sale Terms are as follows:

(a) The Auction Sale will be conducted at the Property on October 26, 2017 at 11:00 a.m.

(b) To qualify to bid, parties must remit a certified or bank check payable to the Trustee in the amount of $20,000.00 prior to the Auction Sale.

(c) The successful bidder for the Florida Sale must close title to the Florida Property within thirty-five (35) days of the Auction Sale, i.e., by November 30, 2017.

(d) The Florida Property is being sold "AS IS" "WHERE IS", "WITH ALL FAULTS," without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of any and all liens, claims, encumbrances, interests, judgments and/or mortgages, or adverse claims to title, of whatever kind or nature.

See Exhibit A.

6

27. The Trustee submits that the Sale Terms are reasonably designed to ensure that the Debtor's estate receives the maximum benefit available from the sale of the Florida Property and therefore warrant Court approval.

### III.   The Sale Notice Should Be Approved

28. Pursuant to Bankruptcy Rules 2002(c) and 6004, the Trustee is required to give 21 days' notice of any proposed sale of property not in the ordinary course of business. Bankruptcy Rule 2002(c) further provides that such notice must include the time and place of any auction, a sale hearing, and the time fixed for objections to the sale.

29. Here, the Sale Notice sets forth all the information a potential bidder and any other party in interest should require about the bidding process for the Florida Property including: notice of the Sale Terms and the time, date, and location of the Auction Sale.

30. The Trustee submits that the Auction and Sale Notice as proposed substantially complies with Bankruptcy Rule 2002 and the M-383 Order, and constitutes good and adequate notice of the Auction Sale. Therefore, the Trustee respectfully requests that the Court approve the Sale Notice.

31. The Trustee notes that the Auctioneer intends to publish the Sale Terms and notice of the Auction Sale on its website, and that the Auctioneer intends to market the Auction Sale of the Florida Property through electronic mail distribution lists, print and regular mail campaigns. Prior to the scheduled Auction Sale, the Auctioneer will also show the Florida Property to prospective bidders.

7

**IV.     The Property Should Be Sold Free And Clear Of Liens**

32.     In accordance with Bankruptcy Code § 363(f), the Trustee requests that she be authorized to sell the Florida Property free and clear of all Liens, with such Liens (if any) to attach to the respective sale proceeds in the order and priority as existed as of the date the Court entered the Order for relief against the Debtor.

33.     Under Bankruptcy Code § 363(f), a trustee may sell property under the Bankruptcy Code free and clear of liens, claims and encumbrances, provided that: (i) applicable nonbankruptcy law permits the sale of the property free and clear of such interests; (ii) the entity holding the lien, claim or encumbrance consents to the sale; (iii) the interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens no the property; (iv) the interest is in bona fide dispute; or (v) the entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of its interest. 11 U.S.C. § 363(f). See In re Smart World Tech., LLC, 423 F.3d 166, 169 n. 3 (2d Cir. 2005) (Section 363 permits sales of assets free and clear of claims and interests. It thus allows purchasers to acquire assets without any accompanying liabilities); In re Dundee Equity Corp., No. 89-B-10233, 1992 WL 53743, at *3 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in disjunctive, such that the sale of the interest concerned may occur if any one of the conditions of § 363(f) have been met").

34.     The Trustee is not aware of any Liens against the Florida Property. All known creditors of the Debtor will be provided with notice of this Motion and the Auction Sale, and will have an opportunity to reject to the relief requested. All parties who have notice of the Motion and proposed Auction Sale shall be deemed to have consented to the extent they fail to timely file an objection. See, e.g., Futuresource LLC v. Reuters, Ltd., 312 F.3d 281, 285-86 (7th Cir. 2002) (standing for the proposition that the lack of an objection to a proposed sale of assets

8

counts as consent); Hargrave v. Township of Pemberton (In re Tabone, Inc.), 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); In re Elliot, 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988) citing to In re Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985). See also, In re Enron Corp., 2003 WL 21755006 at *2 (AJG) (Bankr. S.D.N.Y 2003) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2)). Thus, to the extent any parties holding a Lien on the Florida Property fail to object to the Auction Sale, the Trustee's sale of the Florida Property free and clear of all Liens will satisfy Bankruptcy Code § 363(f)(2).

35.    Finally, under Bankruptcy Rule 6004(h), all orders authorizing the sale of property pursuant to Bankruptcy Code § 363 are automatically stayed for fourteen (14) days after entry of the order, unless otherwise ordered by the Court. FED. R. BANKR. P. 6004(h). The stay period is intended to provide sufficient time for an objecting party to appeal before the order is implemented. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).

36.    Although little guidance is provided by either Bankruptcy Rule 6004(h) or the Advisory Committee Notes as to when a court should "order otherwise", it has been suggested that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." See 10 COLLIER ON BANKRUPTCY § 6004.09 (Lawrence P. King, et al. eds, 15th ed. rev. rel. 2003). Colliers also proposes that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to seek a stay pending such appeal. Id.

37.    Here, the Trustee respectfully requests that the Court waive the 14-day stay period required under Bankruptcy Rule 6004(h). This relief is appropriate under the circumstances of

9

this case given the proposed Sale Notice procedures set forth herein. Indeed, in the event the Motion is approved, the Trustee intends to proceed with the Auction Sale on October 26, 2017 and to promptly serve the Sale Notice.

38. Pursuant to the M-383 Order, the Trustee is required to highlight any "extraordinary provisions" in a separate section of a motion seeking to sell estate assets. The Trustee submits that there are no "extraordinary provisions" with respect to the proposed Auction Sale of the Florida Property.

39. No previous request for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court: (I) authorize the Trustee to proceed with the Auction Sale of the Florida Property; (II) approve the Sale Terms for the Auction Sale of the Florida Property; (III) approve the Sale Notice for the Auction Sale of the Florida Property; (IV) approve the sale of the Florida Property free and clear of all Liens to the successful bidder at the Auction Sale; and (V) grant the Trustee related relief.

Dated: August 24, 2017
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel for Marianne T. O'Toole, Chapter 7 Trustee

By:   *s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793
Telephone: (516) 826-6500

11